IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| ALLSTATE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, ALLSTATE | § | |
| COUNTY MUTUAL INSURANCE | § | |
| COMPANY, and ALLSTATE FIRE & | § | |
| CASUALTY INSURANCE COMPANY | § | |
| | § | |
| PLAINTIFFS | § | |
| | § | |
| v. | § | Civil Action No. H:12-0432 |
| | § | |
| WILLIAM F. DONOVAN, M.D., | § | |
| LORENZO FAROLAN, M.D., | § | |
| OMAR VIDAL, M.D., DAVID DENT, D.O. | § | |
| NORTHSHORE ORTHOPEDICS ASSOC., | § | |
| JOHN TALAMAS, QUALITY DRILL | § | |
| MEDIA, LLC, MEMORIAL MRI & | § | |
| DIAGNOSTIC, L.L.C., MEMORIAL MRI | § | |
| & DIAGNOSTIC CENTER, L.P. (f/n/a | § | |
| MEMORIAL MRI & DIAGNOSTIC | § | |
| CENTER, L.L.L.P.), MICHAEL HILLIARD, | § | |
| SHAILESH PATEL, and KIM TRAN, | § | |
| | § | |
| DEFENDANTS. | § | |

ORIGINAL ANSWER AND COUNTERCLAIM OF DEFENDANTS MEMORIAL MRI,
MICHAEL HILLIARD, SHAILESH PATEL, AND KIM TRAN TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

MEMORIAL MRI & DIAGNOSTIC, L.L.C., MEMORIAL MRI & DIAGNOSTIC

CENTER, L.P. (f/k/a MEMORIAL MRI & DIAGNOSTIC CENTER, L.L.L.P.),

MICHAEL HILLIARD, SHAILESH PATEL, AND KIM TRAN ("MMRI Defendants") file

this Original Answer and Counterclaim to Plaintiffs' First Amended Complaint (the "Amended

Complaint").

# I.
# ANSWER

1.      MMRI Defendants deny all allegations in Paragraph 1 of the Amended Complaint.

2.      MMRI Defendants deny all allegations in Paragraph 2 of the Amended Complaint.

3.      MMRI Defendants deny all allegations in Paragraph 3 of the Amended Complaint.

# II.
# JURISDICTION AND VENUE

4.      MMRI Defendants do not challenge the jurisdiction contained in Paragraph 4 of the Amended Complaint.

5.      MMRI Defendants do not challenge the venue contained in Paragraph 5 of the Amended Complaint.

# III.
# PARTIES

6.      MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 6 of the Amended Complaint.

7.      MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 7 of the Amended Complaint.

8.      MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 8 of the Amended Complaint.

9.      MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 9 of the Amended Complaint.

10.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 10 of the Amended Complaint.

11.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 11 of the Amended Complaint.

12.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 12 of the Amended Complaint.

13.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 13 of the Amended Complaint.

14.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 14 of the Amended Complaint.

15.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 15 of the Amended Complaint.

16.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 16 of the Amended Complaint.

17.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 17 of the Amended Complaint.

18.     MMRI Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19.     MMRI Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20.     MMRI Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21.     MMRI Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22.     MMRI Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

## IV.
## STATEMENT OF FACTS COMMON
## TO ALL CAUSES OF ACTION

**A.     Northshore Orthopedics**

23.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 23 of the Amended Complaint.

***Northshore Operations Prior to 2005***

24.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 24 of the Amended Complaint.

25.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 25 of the Amended Complaint.

26.     MMRI Defendants admit that, beginning in 2004, Dr. William Donovan ("Donovan") and Northshore Orthopedics Assoc. ("Northshore") referred some patients who were involved in automobile collisions and work accidents, as well as other injured patients, to Memorial MRI & Diagnostic, L.L.C., Memorial MRI & Diagnostic Center, L.P. ("Memorial MRI") for diagnostic testing and some medical procedures. MMRI Defendants deny the allegation in paragraph 26 that Donovan and Northshore began referring patients to Memorial MRI for diagnostic testing and procedures by the early 2000's.

### Northshore Operations post 2005

27.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 27 of the Amended Complaint.

28.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 28 of the Amended Complaint.

### Northshore's Operations after the Period at Issue

29.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 29 of the Amended Complaint.

30.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 30 of the Amended Complaint.

**B.     Memorial MRI**

31.     MMRI Defendants admit the allegations in Paragraph 31 of the Amended Complaint.

32.     MMRI Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33.     MMRI Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

34.     MMRI Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35.     MMRI Defendants admit the allegations in the first sentence of Paragraph 35 of the Amended Complaint.   MMRI Defendants deny the remaining allegations in Paragraph 35 of the Amended Complaint.

36.     MMRI Defendants admit that Kim Tran became involved with Memorial MRI in 2004. MMRI Defendants admit the allegations in the second, third, fourth and fifth sentences in Paragraph 36 of the Amended Complaint.  MMRI Defendants are without sufficient knowledge to admit or deny all other allegations in Paragraph 36 of the Amended Complaint.

37.     MMRI Defendants admit the allegations in the first, second, third and fourth sentences in Paragraph 37 of the Amended Complaint.  MMRI Defendants deny the allegations in the fifth, sixth, seventh, eighth and ninth sentences in Paragraph 37 of the Amended Complaint.  MMRI Defendants admit that John Talamas ("Talamas") or Quality Drive Media, Inc. is paid by Memorial MRI.  MMRI Defendants are without sufficient knowledge to admit or deny all other allegations in Paragraph 37 of the Amended Complaint.

38.     MMRI Defendants admit the allegations in the first, second, third, fourth, fifth, sixth, seventh and eighth sentences in Paragraph 38 of the Amended Complaint.  MMRI Defendants deny that Northshore began referring automobile accident patients and other patients to Memorial MRI in "the early 2000s" but admit that the Northshore began referring automobile accident patients and other patients to Memorial MRI in the mid-2000's.

39.     MMRI Defendants admit the allegations in Paragraph 39 of the Amended Complaint.

40.     MMRI Defendants admit the allegations in Paragraph 40 of the Amended Complaint.

41.     MMRI Defendants admit the allegations in Paragraph 41 of the Amended Complaint.

42.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 42 of the Amended Complaint.

43.     MMRI Defendants admit the allegations in Paragraph 43 of the Amended Complaint.

44.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 44 of the Amended Complaint.

45.     MMRI Defendants admit the allegations in Paragraph 45 of the Amended Complaint.

46.     MMRI Defendants admit the allegations in Paragraph 46 of the Amended Complaint, except that the agreement with Dr. Dent and Memorial MRI was negotiated by Kim Tran, not Lan Tran.

47.     MMRI Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.     MMRI Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

**C.      Quality Drill Media, LLC.**

49.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 49 of the Amended Complaint.

50.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 50 of the Amended Complaint.

51.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 51 of the Amended Complaint.

52.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 52 of the Amended Complaint.

53.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 53 of the Amended Complaint.

**D.      Stern, Miller & Higdon**

54.     MMRI Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 54 of the Amended Complaint.

55.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 55 of the Amended Complaint.

56.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 56 of the Amended Complaint.

57.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 57 of the Amended Complaint.

58.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 58 of the Amended Complaint.

**E.     The Law Office Joseph Stang**

59.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 59 of the Amended Complaint.

60.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 60 of the Amended Complaint.

61.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 61 of the Amended Complaint.

62.     MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in the first sentence of Paragraph 62 of the Amended Complaint.

**V.**
**General Conduct of Business Between Northshore Orthopedics and Memorial MRI**

63.     MMRI Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64.     MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 64 of the Amended Complaint.

65.    MMRI Defendants deny the allegations in Paragraph 65 of the Amended Complaint.

66.    MMRI Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.    MMRI Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.    MMRI Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 68 of the Amended Complaint.

## VI.
## CAUSES OF ACTION

### COUNTS ONE, TWO and THREE

### Violation of Title 18, United States Code, Sections 1962(c) and 1962(d)

### (RICO Statute)

69.    MMRI Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

## COUNT ONE -- THE ASSOCIATION-IN-FACT ENTERPRISE

(Against All Defendants for Violation of Title 18, United States Code, Section 1962 (c))

70.    MMRI Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71.    MMRI Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

## COUNT TWO -- THE MEMORIAL MRI & DIAGNOSTIC CENTER ENTERPRISE

(Against Defendants Donovan, Farolan, Vidal, Dent, D.O., Northshore Orthopedics Assoc., Talamas, Quality Drill Media, Memorial MRI & Diagnostic L.L.C., Hilliard, Patel, and Tran for Violation of Title 18, United States Code, Section 1962 (c))

72.    MMRI Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73.    MMRI Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.    MMRI Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

## COUNT THREE -- CONSPIRACY TO VIOLATE SECTION 1962(c)

(Against All Defendants in Regard to the Association-in-Fact Enterprise; Against Defendants Donovan, Farolan, Vidal, Dent, D,O., Northshore Orthopedics Assoc,, Talarnas, Quality Drill Media, Memorial MRI & Diagnostic L.L.C., Hilliard, Patel, and Tran

in Regard to the Center Enterprise, for Violation of Title 18, United States Code, Section 1962(d))

75.     MMRI Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

76.     MMRI Defendants deny the allegations in Paragraph 76 of the Amended Complaint.

## PARTIES

### A.     Defendants and Specific Misconduct/Factual Basis of Liability

77.     MMRI Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.     MMRI Defendants deny the allegations in Paragraph 78 of the Amended Complaint.

79.     MMRI Defendants deny the allegations in Paragraph 79 of the Amended Complaint.

80.     MMRI Defendants deny the allegations in Paragraph 80 of the Amended Complaint.

### William F. Donovan, M.D.

81.     MMRI Defendants deny the allegations in Paragraph 81 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 81 of the Amended Complaint.

82.     MMRI Defendants deny the allegations in Paragraph 82 of the Amended Complaint,, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 82 of the Amended Complaint.

83.     MMRI Defendants deny the allegations in Paragraph 83 of the Amended Complaint,, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 83 of the Amended Complaint.

84.     MMRI Defendants deny the allegations in Paragraph 84 of the Amended Complaint,  or are without sufficient knowledge to either admit or deny the allegations in Paragraph 84 of the Amended Complaint.

85.     MMRI Defendants deny the allegations in Paragraph 85 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 85 of the Amended Complaint.

86.     MMRI Defendants deny the allegations in Paragraph 86 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 86 of the Amended Complaint.

### Northshore Orthopedics Assoc.

87.     MMRI Defendants deny the allegations in Paragraph 87 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 87 of the Amended Complaint.

88.     MMRI Defendants deny the allegations in Paragraph 88 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 88 of the Amended Complaint.

89.     MMRI Defendants deny the allegations in Paragraph 89 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 89 of the Amended Complaint.

90.     MMRI Defendants deny the allegations in Paragraph 90 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 90 of the Amended Complaint.

### Lorenzo Farolan, M.D.

91.     MMRI Defendants deny the allegations in Paragraph 91 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 91 of the Amended Complaint.

92.     MMRI Defendants deny the allegations in Paragraph 92 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 92 of the Amended Complaint.

93.     MMRI Defendants deny the allegations in Paragraph 93 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 93 of the Amended Complaint.

94.     MMRI Defendants deny the allegations in Paragraph 94 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 94 of the Amended Complaint.

### John Talamas

95.     MMRI Defendants deny the allegations in Paragraph 95 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 95 of the Amended Complaint.

96.     MMRI Defendants deny the allegations in Paragraph 96 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 96 of the Amended Complaint.

97.     MMRI Defendants deny the allegations in Paragraph 97 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 97 of the Amended Complaint.

98.     MMRI Defendants deny the allegations in Paragraph 98 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 98 of the Amended Complaint.

### Quality Drill Media, L.L.C.

99.    MMRI Defendants deny the allegations in Paragraph 99 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 99 of the Amended Complaint.

100.   MMRI Defendants deny the allegations in Paragraph 100 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 100 of the Amended Complaint.

101.   MMRI Defendants deny the allegations in Paragraph 101 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 101 of the Amended Complaint.

### Omar Vidal, M.D.

102.   MMRI Defendants deny the allegations in Paragraph 102 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the remainder of the allegations in Paragraph 102 of the Amended Complaint.

103.   MMRI Defendants deny the allegations in Paragraph 103 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 103 of the Amended Complaint

### David Dent, D.O.

104.   MMRI Defendants deny the allegations in Paragraph 104 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 104 of the Amended Complaint.

105.   MMRI Defendants deny the allegations in Paragraph 105 of the Amended Complaint, or are without sufficient knowledge to either admit or deny the allegations in Paragraph 105 of the Amended Complaint

### Memorial MRI & Diagnostic L.L.C.

106.    MMRI Defendants admit the allegations in Paragraph 106 of the Amended Complaint.

107.    MMRI Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108.    MMRI Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

109.    MMRI Defendants admit the allegations in Paragraph 109 of the Amended Complaint.

110.    MMRI Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111.    MMRI Defendants deny the allegations in Paragraph 111 of the Amended Complaint.

**Memorial MRI & Diagnostic Center, L.P. (f/n/a Memorial MRI & Diagnostic Center, L.L.L.P.)**

112.    MMRI Defendants deny the allegations in Paragraph 112 of the Amended Complaint.

113.    MMRI Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

114.    MMRI Defendants admit the allegations in Paragraph 114 of the Amended Complaint.

115.    MMRI Defendants deny the allegations in Paragraph 115 of the Amended Complaint.

116.    MMRI Defendants deny the allegations in Paragraph 116 of the Amended Complaint.

**Michael Hilliard**

117.    MMRI Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

118.    MMRI Defendants admit the allegations in Paragraph 118 of the Amended Complaint.

119.    MMRI Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120.    MMRI Defendants admit the allegations in Paragraph 120 of the Amended Complaint.

121.    MMRI Defendants deny the allegations in Paragraph 121 of the Amended Complaint.

122.    MMRI Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

**Shailesh Patel**

123.    MMRI Defendants admit the allegations in the first sentence in Paragraph 123 of the Amended Complaint.  MMRI Defendants deny the allegations in the second and third sentences in Paragraph 123 of the Amended Complaint.

124.   MMRI Defendants admit the allegations in Paragraph 124 of the Amended Complaint.

125.   MMRI Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

126.   MMRI Defendants admit the allegations in Paragraph 126 of the Amended Complaint.

127.   MMRI Defendants deny the allegations in Paragraph 127 of the Amended Complaint.

128.   MMRI Defendants deny the allegations in Paragraph 128 of the Amended Complaint.

**Kim Tran**

129.   MMRI Defendants admit the allegations in the first sentence in Paragraph 129 of the Amended Complaint.   MMRI Defendants deny the allegations in the second sentence in Paragraph 129 of the Amended Complaint.

130.   MMRI Defendants admit the allegations in Paragraph 130 of the Amended Complaint.

131.   MMRI Defendants deny the allegations in Paragraph 131 of the Amended Complaint.

132.   MMRI Defendants admit the allegations in Paragraph 132 of the Amended Complaint.

133.   MMRI Defendants deny the allegations in Paragraph 133 of the Amended Complaint.

134.   MMRI Defendants deny the allegations in Paragraph 134 of the Amended Complaint.

135.   MMRI Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

**B.     Non-Party Wrongdoers and Misconduct of Each**

136.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 136 of the Amended Complaint.

137.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 137 of the Amended Complaint.

138.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 138 of the Amended Complaint.

139.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 139 of the Amended Complaint.

140.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 140 of the Amended Complaint.

141.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 141 of the Amended Complaint.

**C.      Plaintiffs and the Injury to Each**

142.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 142 of the Amended Complaint.

143.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 143 of the Amended Complaint.

**RACKETEERING ACTIVITIES**

**A.      Statutes Violated and Particular Facts**

144.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 144 of the Amended Complaint.

145.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 145 of the Amended Complaint.

146.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 146 of the Amended Complaint.

147.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 147 of the Amended Complaint.

148.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 148 of the Amended Complaint.

149.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 149 of the Amended Complaint.

150.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 150 of the Amended Complaint.

151.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 151 of the Amended Complaint.

152.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 152 of the Amended Complaint.

153.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 153 of the Amended Complaint.

154.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 154 of the Amended Complaint.

155.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 155 of the Amended Complaint.

156.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 156 of the Amended Complaint.

157.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 157 of the Amended Complaint.

158.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 158 of the Amended Complaint.

159.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 159 of the Amended Complaint.

160.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 160 of the Amended Complaint.

161.   MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 161 of the Amended Complaint.

162.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 162 of the Amended Complaint.

163.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 163 of the Amended Complaint.

164.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 164 of the Amended Complaint.

165.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 165 of the Amended Complaint.

166.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 166 of the Amended Complaint.

167.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 167 of the Amended Complaint.

168.    MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 168 of the Amended Complaint.

**B.    Dates, Participants, and Factual Description of the Predicate Acts**

169.    MMRI Defendants deny the allegations in Paragraph 169 of the Amended Complaint.

    **(1)    Patient R.S.**

170.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 170 of the Amended Complaint.

171.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 171 of the Amended Complaint.

172.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 172 of the Amended Complaint.

    **(2)    Patient J.A.**

173.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 173 of the Amended Complaint.

174.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 174 of the Amended Complaint.

175.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 175 of the Amended Complaint.

    (3)    **Patient M.M.**

176.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 176 of the Amended Complaint.

177.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 177 of the Amended Complaint.

178.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 178 of the Amended Complaint.

    (4)    **Patient K.D.**

179.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 179 of the Amended Complaint.

180.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 180 of the Amended Complaint.

181.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 181 of the Amended Complaint.

    (5)    **Patient E.R.**

182.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 182 of the Amended Complaint.

183.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 183 of the Amended Complaint.

184.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 184 of the Amended Complaint.

### (6)   Patient S.M.

185.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 185 of the Amended Complaint.

186.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 186 of the Amended Complaint.

187.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 187 of the Amended Complaint.

### (7)   Patient D.S.

188.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 188 of the Amended Complaint.

189.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 189 of the Amended Complaint.

190.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 190 of the Amended Complaint.

### (8)   Patient J.H.

191.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 191 of the Amended Complaint.

192.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 192 of the Amended Complaint.

193.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 193 of the Amended Complaint.

**(9)     Patient N.A.**

194.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 194 of the Amended Complaint.

195.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 195 of the Amended Complaint.

196.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 196 of the Amended Complaint.

**(10) Patient T.R.**

197.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 197 of the Amended Complaint.

198.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 198 of the Amended Complaint.

199.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 199 of the Amended Complaint.

**(11) Patient F.S.**

200.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 200 of the Amended Complaint.

201.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 201 of the Amended Complaint.

202.     Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 202 of the Amended Complaint.

**(12) Patient A.J.**

203.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 203 of the Amended Complaint.

204.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 204 of the Amended Complaint.

205.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 205 of the Amended Complaint.

### (13) Patient A.A.

206.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 206 of the Amended Complaint.

207.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 207 of the Amended Complaint.

208.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 208 of the Amended Complaint.

### (14) Patient E.R.

209.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 209 of the Amended Complaint.

210.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 210 of the Amended Complaint.

211.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 211 of the Amended Complaint.

### (15) Patient P.N.

212.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 212 of the Amended Complaint.

213.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 213 of the Amended Complaint.

214.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 214 of the Amended Complaint.

### (16) Patient K.N.

215.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 215 of the Amended Complaint.

216.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 216 of the Amended Complaint.

217.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 217 of the Amended Complaint.

### (17) Patient A.C

218.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 219 of the Amended Complaint.

219.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 220 of the Amended Complaint.

220.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 221 of the Amended Complaint.

### (18) Patient M.L.

221.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 221 of the Amended Complaint.

222.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 222 of the Amended Complaint.

223.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 223 of the Amended Complaint.

### (19) Patient M.H.

224.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 224 of the Amended Complaint.

225.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 225 of the Amended Complaint.

226.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 226 of the Amended Complaint.

### (20) Patient W.S.

227.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 227 of the Amended Complaint.

228.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 228 of the Amended Complaint.

229.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 229 of the Amended Complaint.

### (21) Patient J.N.

230.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 230 of the Amended Complaint.

231.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 231 of the Amended Complaint.

232.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 232 of the Amended Complaint.

### (22) Patient L.T.

233.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 233 of the Amended Complaint.

234.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 234 of the Amended Complaint.

**(23) Patient M. G.**

235.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 235 of the Amended Complaint.

236.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 236 of the Amended Complaint.

237.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 237 of the Amended Complaint.

**(24) Patient S.G.**

238.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 238 of the Amended Complaint.

239.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 239 of the Amended Complaint.

240.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 240 of the Amended Complaint.

**(25) Patient E.B.**

241.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 241 of the Amended Complaint.

242.   Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 242 of the Amended Complaint.

243.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 243 of the Amended Complaint.

**(26) Patient S.S.**

244.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 244 of the Amended Complaint.

245.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 245 of the Amended Complaint.

246.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 246 of the Amended Complaint.

**(27) Patient C.L.**

247.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 247 of the Amended Complaint.

248.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 248 of the Amended Complaint.

249.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 249 of the Amended Complaint.

**(28) Patient M.S.**

250.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 250 of the Amended Complaint.

251.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 251 of the Amended Complaint.

252.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 252 of the Amended Complaint.

**(29) Patient B.B.**

253.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 253 of the Amended Complaint.

254.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 254 of the Amended Complaint.

255.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 255 of the Amended Complaint.

**(30) Patient S.J.**

256.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 256 of the Amended Complaint.

257.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 257 of the Amended Complaint.

258.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 258 of the Amended Complaint.

**(31) Patient G. R.**

259.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 259 of the Amended Complaint.

260.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 260 of the Amended Complaint.

261.    Other than information in its records, MMRI Defendants are without sufficient knowledge to either admit or deny the allegations in Paragraph 261 of the Amended Complaint.

**B.      Circumstances of the Predicate Acts of Mail Fraud**

262.    MMRI Defendants deny the allegations in Paragraph 262 of the Amended Complaint.

263.    MMRI Defendants deny the allegations in Paragraph 263 of the Amended Complaint.

264.    MMRI Defendants deny the allegations in Paragraph 264 of the Amended Complaint.

**C.      Criminal Convictions Related to the Predicate Acts**

265.    MMRI Defendants deny the allegations in Paragraph 265 of the Amended Complaint.

**D.      Civil Judgments Related to the Predicate Acts**

266.    MMRI Defendants deny the allegations in Paragraph 266 of the Amended Complaint.

**E.      The Predicate Acts form a Pattern of Racketeering Activity**

267.    MMRI Defendants deny the allegations in Paragraph 267 of the Amended Complaint.

**F.      The Predicate Acts Relate to Each Other as Part of a Common Plan**

268.    MMRI Defendants deny the allegations in Paragraph 268 of the Amended Complaint.

269.    MMRI Defendants deny the allegations in Paragraph 269 of the Amended Complaint.

**ENTERPRISE DESCRIPTION**

**A.      Names of the Individuals, Partnerships, Corporations, Associations, or Other Entities that Make Up the Enterprise**

*The Association-in-Fact Enterprise*

270.    MMRI Defendants deny the allegations in Paragraph 270 of the Amended Complaint.

*The Center Enterprise*

271.    MMRI Defendants deny the allegations in Paragraph 271 of the Amended Complaint.

**B.      Organization, Purpose, Function, and Course of Conduct of the Enterprise**

*The Association-in-Fact Enterprise*

272.    MMRI Defendants deny the allegations in Paragraph 272 of the Amended Complaint.

273.    MMRI Defendants deny the allegations in Paragraph 273 of the Amended Complaint.

274.    MMRI Defendants deny the allegations in Paragraph 274 of the Amended Complaint.

275.    MMRI Defendants deny the allegations in Paragraph 275 of the Amended Complaint.

276.    MMRI Defendants deny the allegations in Paragraph 276 of the Amended Complaint.

277.    MMRI Defendants deny the allegations in Paragraph 277 of the Amended Complaint.

278.    MMRI Defendants deny the allegations in Paragraph 278 of the Amended Complaint.

279.    MMRI Defendants deny the allegations in Paragraph 279 of the Amended Complaint.

280.    MMRI Defendants deny the allegations in Paragraph 280 of the Amended Complaint.

281.    MMRI Defendants deny the allegations in Paragraph 281 of the Amended Complaint.

282.    MMRI Defendants deny the allegations in Paragraph 282 of the Amended Complaint.

### *The Center Enterprise*

283.    MMRI Defendants deny the allegations in Paragraph 283 of the Amended Complaint.

284.    MMRI Defendants deny the allegations in Paragraph 284 of the Amended Complaint.

285.    MMRI Defendants deny the allegations in Paragraph 285 of the Amended Complaint.

286.    MMRI Defendants deny the allegations in Paragraph 286 of the Amended Complaint.

287.    MMRI Defendants deny the allegations in Paragraph 287 of the Amended Complaint.

288.    MMRI Defendants deny the allegations in Paragraph 288 of the Amended Complaint.

289.    MMRI Defendants deny the allegations in Paragraph 289 of the Amended Complaint.

**C.      Whether Defendants are Employees, Officers, or Directors of the Enterprise or its Components**

### *The Association-in-Fact Enterprise*

290.    MMRI Defendants deny the allegations in Paragraph 290 of the Amended Complaint.

291.    MMRI Defendants deny the allegations in Paragraph 291 of the Amended Complaint.

### *The Center Enterprise*

292.    MMRI Defendants deny the allegations in Paragraph 292 of the Amended Complaint.

**D.      The Defendants are Associated with the Enterprise**

### *The Association in Fact Enterprise*

293.    MMRI Defendants deny the allegations in Paragraph 293 of the Amended Complaint.

### *The Center Enterprise*

294.    MMRI Defendants deny the allegations in Paragraph 294 of the Amended Complaint.

**E.    Whether Defendants are Individuals or Entities Separate from the Enterprise, are the Enterprise, or are Members of the Enterprise**

### *The Association-in Fact-Enterprise*

295.    MMRI Defendants deny the allegations in Paragraph 295 of the Amended Complaint.

296.    MMRI Defendants deny the allegations in Paragraph 296 of the Amended Complaint.

### *The Center Enterprise (Memorial MRI Diagnostic Center, L.P. (f/n/a Memorial MRI Diagnostic Center, L.L.L.P.)).*

297.    MMRI Defendants deny the allegations in Paragraph 297 of the Amended Complaint.

298.    MMRI Defendants deny the allegations in Paragraph 298 of the Amended Complaint.

**F.    If any Defendants are the Enterprise or its Members, Whether the Defendants are Perpetrators, Passive Instruments, or Victims of the Racketeering Activity.**

### *The Association-in-Fact Enterprise*

299.    MMRI Defendants deny the allegations in Paragraph 299 of the Amended Complaint.

### *The Center Enterprise*

300.    MMRI Defendants deny the allegations in Paragraph 300 of the Amended Complaint.

## ENTERPRISE RACKETEERING NEXUS

**A.    Whether the Pattern of Racketeering Activity and the Enterprise are Separate or have Merged into one Entity.**

301.    MMRI Defendants deny the allegations in Paragraph 301 of the Amended Complaint.

302.    MMRI Defendants deny the allegations in Paragraph 302 of the Amended Complaint.

303.    MMRI Defendants deny the allegations in Paragraph 303 of the Amended Complaint.

304.    MMRI Defendants deny the allegations in Paragraph 304 of the Amended Complaint.

305.    MMRI Defendants deny the allegations in Paragraph 305 of the Amended Complaint.

**B.    The Relationship between the Racketeering Activity and the Enterprise; how the Racketeering Activity Differs from the Regular Business of the Enterprise.**

306.    MMRI Defendants deny the allegations in Paragraph 306 of the Amended Complaint.

307.    MMRI Defendants deny the allegations in Paragraph 307 of the Amended Complaint.

308.    MMRI Defendants deny the allegations in Paragraph 308 of the Amended Complaint.

**C.      Benefits the Enterprise receives from the Racketeering Activity.**

309.    MMRI Defendants deny the allegations in Paragraph 309 of the Amended Complaint.

310.    MMRI Defendants deny the allegations in Paragraph 310 of the Amended Complaint.

**SECTION 1962 SUBSECTIONS**

**A.      No Alleged Violation of 18 U.S.C. §1962(a)**

311.    MMRI Defendants deny the allegations in Paragraph 311 of the Amended Complaint.

**B.      No Alleged Violation of 18 U.S.C. §1962(b)**

312.    MMRI Defendants deny the allegations in Paragraph 312 of the Amended Complaint.

**C.      Alleged Violation of 18 U.S.C. §1962(c); Who is Employed or Associated with the Enterprise and Whether the same Entity is Both the Liable Person and Enterprise Pursuant to §1962(c)**

313.    MMRI Defendants deny the allegations in Paragraph 313 of the Amended Complaint.

314.    MMRI Defendants deny the allegations in Paragraph 314 of the Amended Complaint.

315.    MMRI Defendants deny the allegations in Paragraph 315 of the Amended Complaint.

**D.      Alleged Violation of § 1962(d); Description of Conspiracy**

316.    MMRI Defendants deny the allegations in Paragraph 316 of the Amended Complaint.

317.    MMRI Defendants deny the allegations in Paragraph 317 of the Amended Complaint.

318.    MMRI Defendants deny the allegations in Paragraph 318 of the Amended Complaint.

**EFFECT ON INTERSTATE COMMERCE**

319.    MMRI Defendants deny the allegations in Paragraph 319 of the Amended Complaint.

320.    MMRI Defendants deny the allegations in Paragraph 320 of the Amended Complaint.

321.    MMRI Defendants deny the allegations in Paragraph 321 of the Amended Complaint.

## DAMAGES

### A.  Injuries to Business and Property

322.  MMRI Defendants deny the allegations in Paragraph 322 of the Amended Complaint.

323.  MMRI Defendants deny the allegations in Paragraph 323 of the Amended Complaint.

### B.  Causal Relationship Between the Injury and the Violations of Section 1962

324.  MMRI Defendants deny the allegations in Paragraph 324 of the Amended Complaint.

### C.  Damages Sustained Due to the Violation of Section 1962

325.  MMRI Defendants deny the allegations in Paragraph 325 of the Amended Complaint.

326.  MMRI Defendants deny the allegations in Paragraph 326 of the Amended Complaint.

## STATE LAW CLAIMS

327.  MMRI Defendants deny the allegations in Paragraph 327 of the Amended Complaint.

## VII.
## COUNT FOUR
(Against All Defendants for Common Law Fraud)

328.  MMRI Defendants deny the allegations in Paragraph 328 of the Amended Complaint.

329.  MMRI Defendants deny the allegations in Paragraph 329 of the Amended Complaint.

330.  MMRI Defendants deny the allegations in Paragraph 330 of the Amended Complaint.

331.  MMRI Defendants deny the allegations in Paragraph 331 of the Amended Complaint.

332.  MMRI Defendants deny the allegations in Paragraph 332 of the Amended Complaint.

333.  MMRI Defendants deny the allegations in Paragraph 333 of the Amended Complaint.

334.  MMRI Defendants deny the allegations in Paragraph 334 of the Amended Complaint.

335.  MMRI Defendants deny the allegations in Paragraph 335 of the Amended Complaint.

## VIII.
## COUNT FIVE
(Against All Defendants for Common Law Conspiracy)

336.  MMRI Defendants deny the allegations in Paragraph 336 of the Amended Complaint.

337.    MMRI Defendants deny the allegations in Paragraph 337 of the Amended Complaint.

338.    MMRI Defendants deny the allegations in Paragraph 338 of the Amended Complaint.

339.    MMRI Defendants deny the allegations in Paragraph 339 of the Amended Complaint.

340.    MMRI Defendants deny the allegations in Paragraph 340 of the Amended Complaint.

341.    MMRI Defendants deny the allegations in Paragraph 341 of the Amended Complaint.

**X.**
**COUNT SIX**
(Against All Defendants for Unjust Enrichment)

342.    MMRI Defendants deny the allegations in Paragraph 342 of the Amended Complaint.

343.    MMRI Defendants deny the allegations in Paragraph 343 of the Amended Complaint.

344.    MMRI Defendants deny the allegations in Paragraph 344 of the Amended Complaint.

345.    MMRI Defendants deny the allegations in Paragraph 345 of the Amended Complaint.

346.    MMRI Defendants deny the allegations in Paragraph 346 of the Amended Complaint.

347.    MMRI Defendants deny the allegations in Paragraph 347 of the Amended Complaint.

**IX.**
**DAMAGES**

348.    MMRI Defendants deny the allegations in Paragraph 348 of the Amended Complaint.

349.    MMRI Defendants deny the allegations in Paragraph 349 of the Amended Complaint.

350.    MMRI Defendants deny the allegations in Paragraph 350 of the Amended Complaint.

351.    MMRI Defendants deny the allegations in Paragraph 351 of the Amended Complaint.

352.    MMRI Defendants deny the allegations in Paragraph 352 of the Amended Complaint.

**X.**
**JURY DEMAND**

353.    Trial by jury is requested on all issues triable by jury.

## XI.
## AFFIRMATIVE DEFENSES

354.    Limitations:  Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

355.    Laches:  Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches because Plaintiffs unreasonably delayed and failed to exercise diligence in asserting its alleged rights and, as a result of the delay, the MMRI Defendants have made a good faith change of position to their detriment.

356.    Waiver:  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs possessed actual and/or constructive knowledge of the purported facts upon which Plaintiffs now base their claims, and Plaintiffs voluntarily, knowingly, and intentionally abandoned and/or relinquished any and all claims that they now seek to advance through this litigation.

357.    Ratification:  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs possessed actual and/or constructive knowledge of the purported facts upon which Plaintiffs now base their claims, and Plaintiffs ratified the propriety of the settlements and the underlying claims of the patients at issue, including the underlying medical expenses and recommended future medical expenses.

358.    Payment and Release:  Plaintiffs' claims are barred, in whole or in part, because Plaintiff voluntarily tendered payment in full satisfaction and released all claims forming the bases of its claims asserted in this action.

359.    Plaintiffs' Own Fault:  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts and/or omissions caused or contributed to Plaintiffs' injury.

360. Indispensible Third Parties: Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to join indispensible and necessary parties.

361. Failure to Mitigate: Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take steps necessary to mitigate its damages, if any, that it now seeks to recover through this litigation.

362. Collateral Estoppel: Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are collaterally estopped from asserting that any acts, representations, and/or omissions of the MMRI Defendants formed the basis of any claim based on fraud or any other form of wrongdoing.

363. Res Judicata and Claim and Issue Preclusion: Plaintiffs' claims are barred, in whole or in part, based on the doctrines of *res judicata* and claim and issue preclusion.

364. Equitable Estoppel: Plaintiffs' claims are barred, in whole or in part, based on principles of equitable estoppel.

365. Unclean Hands. Plaintiffs' claims are barred, in whole or in part, because Plaintiff has engaged in wrongful conduct and activities, and it would be inequitable and unjust to allow Plaintiffs to take anything from the MMRI Defendants based on any of Plaintiffs' claims asserted in their Amended Complaint.

366. Medical Necessity: Plaintiffs' claims are barred, in whole or in part, because any acts and/or representations of the MMRI Defendants on which Plaintiffs base their claims were grounded on medical necessity.

367. Lack of Privity: Plaintiffs' claims are barred, in whole or in part, by Plaintiffs lack of privity with the MMRI Defendants.

368. Accord and Satisfaction: Plaintiffs claims are barred, in whole or in part, by the doctrines of accord and satisfaction.

369.    Receipt of Benefit:  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs received a substantial benefit from its settlement of the underlying claims on which Plaintiffs base their claims against the MMRI Defendants.

370.    Superseding Intervening Acts:  Plaintiffs' claims are barred, in whole or in part, because of superseding intervening acts.

371.    Economic Loss Doctrine:  Plaintiffs' claims are barred, in whole or in part, under the economic loss doctrine.

372.    Lack of Standing:  Plaintiffs' claims are barred, in whole or in part, because if any claims exist, such claims belong to third parties and not to Plaintiffs.

373.    Good Faith:  Plaintiffs' claims are barred, in whole or in part, because the actions and representations at issue in the Amended Complaint were undertaken honestly, in good faith, and in a reasonable and medically appropriate manner.

374.    Substantial Compliance:  Plaintiffs' claims are barred, in whole or in part, because the MMRI Defendants substantially complied with all applicable healthcare regulations and laws.

375.    Windfall:  Plaintiffs' unjust enrichment claim is barred because allowing recovery on such claim would result in a windfall for Plaintiffs.

376.    Absence of Actual or Justifiable Reliance:  Plaintiffs' claims are barred because of Plaintiffs' lack of actual or justifiable reliance.

377.    No Duty to Disclose:  Plaintiffs' claims based on failure to disclose are barred because no special or contractual relationship existed between Plaintiffs and the defendants that gave rise to any duty or obligation to disclose.

378.    No Common Purpose for Racketeering:  Plaintiffs' RICO claims are barred, in whole or in part, because the defendants shared no common purpose for racketeering activity.

379.    No predicate Acts:  Plaintiffs' RICO claims are barred, in whole or in part, because the defendants did not commit any predicate acts of mail fraud.

380.    No Common Scheme, Plan, or Motive:  Plaintiffs' RICO claims are barred, in whole or in part, because the defendants did not engage in racketeering acts connected by a common scheme, plan, or motive.

381.    No Agreement to Participate:  Plaintiffs' RICO claims are barred, in whole or in part, because defendants did not agree to participate, directly or indirectly, in the affairs of the alleged enterprises through a pattern of racketeering activity.

382.    Ordinary and Customary Business:  Plaintiffs' RICO claims are barred, in whole or in part, because the conduct of ordinary and customary business does not constitute a pattern of racketeering activity.

383.    Association does not Equal Enterprise:  Plaintiffs' RICO claims are barred, in whole or in part, because defendants' purported association with other defendants does not rise to the level of an enterprise.

384.    Association does not Equal Conspiracy:  Plaintiffs' RICO conspiracy claim is barred, in whole or in part, because defendants' purported association with other defendants does not rise to the level of conspiracy.

## XII.
## COUNTERCLAIMS

### A.      Parties

385.    Counterclaimants, Memorial MRI & Diagnostic, LLC and Memorial MRI & Diagnostic Center, LP, Michael Hilliard, Shailesh Patel and Kim Tran (collectively "Counterclaimants"), have answered and appeared.

386.   Counter-Defendants, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate County Mutual Insurance Company, and Allstate Fire & Casualty Insurance Company (collectively "Counter-Defendants"), have appeared.

## B.   Jurisdiction and Venue

387.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Counterclaimants request that this Court assume supplemental jurisdiction over the Texas state law claim of business disparagement, pursuant to 28 U.S.C. § 1367.

388.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

## C.   Factual Background

389.   Counterclaimants engage in the business of providing a variety of medical and diagnostic imaging services to individuals with a wide range of medical needs.  Counterclaimants' services include CAT scans, MRIs, ultrasounds, x-rays, EMG/NCVs, mammograms and pain management, among others.

390.   Counterclaimants' business is largely based on the relationships Counterclaimants have developed with various entities that refer patients to Counterclaimants.  The entities that refer patients to Counterclaimants are diverse.  Some of the entities include attorneys who represent individuals who have been injured in an accident, and may be entitled to recovery for their injuries from a party insured by Counter-Defendants.

391.   Counter-Defendants have developed a sharply-honed system for carefully evaluating the claims made on Counter-Defendants' insureds, with the ultimate goal of reducing claims payouts and increasing company profits.  In connection with these claims, Counter-Defendants use a computer program called "Colossus," which was calibrated to produce claims evaluations at least 20 percent lower on average than Counter-Defendants' previous claims evaluation process.

Allstate utilizes Colossus and a medical bill review system to critically analyze and investigate the reasonableness and necessity of medical bills submitted and to identify possible fraudulent claims.

392.    In addition to the claims analysis, Counter-Defendants target those, like Defendants in this lawsuit, who provide medical services to automobile injury claimants.  In state and federal courts throughout the United States, Allstate has initiated legal action against orthopedic surgeons, neurologists, radiologists, chiropractors and chiropractic clinics, imaging centers, pain management centers, and others who treat and provide medical services to injured patients asserting claims against Counter-Defendants automobile policies.  A "win" in these cases occurs as soon as the suit is filed, with the lawsuit having an immediate chilling effect on the medical provider's patient base and credibility as a treatment center for injured patients.

393.    Additionally, upon information and belief, Counterclaimants have learned that Counter-Defendants are publishing disparaging words and are making disparaging statements about Counterclaimants.  Specifically, Counter-Defendants are falsely alleging that Counterclaimants are involved in a conspiracy to defraud insurance companies and individuals by means of manufacturing inaccurate medical diagnoses, recommending unnecessary medical procedures and over billing.  Counter-Defendants are making these disparaging statements to third parties in an effort to damage Counterclaimants' relationships with the entities that refer patients to Counterclaimants.  Counter-Defendants made these false statements in an attempt to drive Counterclaimants out of business, thereby decreasing the likelihood that Counter-Defendants will be forced to pay on legitimate insurance claims made against Counter-Defendants' insureds.

394.    Due to Counter-Defendants' statements and acts, Counterclaimants have suffered a substantial amount of lost sales and business.

### D.    Count One – Business Disparagement

395.   Counterclaimants re-allege and incorporate by reference herein the allegations contained in the preceding paragraphs of this Counterclaim.

396.   Counter-Defendants published disparaging words about Counterclaimants.   Specifically, disparaging statements have been made by Counter-Defendant to third parties alleging that Counterclaimants are involved in a conspiracy to defraud insurance companies and individuals by means of manufacturing inaccurate medical diagnoses, recommending unnecessary medical procedures and over billing.  The statements were false when they were made.  The Counter-Defendants published the statements with malice.  Counter-Defendants were not protected with a privilege to make these false statements, which have caused Counterclaimants damages. Because the injuries sustained were a result of Counter-Defendants' malice, Counterclaimants are entitled to exemplary damages.

### E.   Count Two – Abuse of Process

397.   Under Texas law, "[a]buse of process is the malicious use or misapplication of process in order to accomplish an ulterior purpose."  *Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App. – Houston [14th Dist.] 2001, no pet.).  "[T]he process must have been used to accomplish an end which is beyond the purview of the process and compels a party to do a collateral thing which he could not be compelled to do." *Bossin v. Towber*, 894 S.W.2d 25, 33 (Tex. App. – Houston [14th Dist.] 1994, no pet.).

398.   Counter-Defendants filed this suit with purposes other than to resolve the alleged legal dispute with Counterclaimants that is articulated in Counter-Defendants' Amended Complaint. Counter-Defendants filed this lawsuit to coerce unreasonably low settlements of future personal injury claims by attacking the character, credibility, and medical judgment of personal injury plaintiffs' treating physicians; to force Counterclaimants to cease the evaluation and treatment of patients injured as a result of automobile accidents; to interfere with Counterclaimants'

contractual relationships with individuals who were injured by Counter-Defendants' insureds and are currently pursuing property damage and bodily injury claims against Counter-Defendants' insureds; to interfere with the Counterclaimants' prospective contractual relationships with individuals who were or will be in the future injured and intend to assert a claim against a responsible third party; and to recover funds for cases that Counter-Defendants previously settled at fair value.

399.   As a result of Counter-Defendants' abuse of process, Counterclaimants have suffered and will continue to suffer significant financial injury through the loss of patients and the damage of Counterclaimants' reputation, credibility, and livelihood.   Moreover, Counterclaimants have incurred and will continue to incur significant legal expenses to defend this suit (with legal fees likely to exceed the total actual damages sought by Allstate).

400.   Because of Counter-Defendants' abuse of process, Counterclaimants are also entitled to and seek recovery of exemplary damages, prejudgment and postjudgment interest, and costs of court.

### F.   Damages

401.   Counterclaimants seek to recover all special damages caused by Counter-Defendants statements and acts, including, but not limited to loss of profit and loss of business.

402.   Counterclaimants damages resulting from the conduct of Counter-Defendants is continuing and is in excess of the jurisdictional minimums of this Court.

403.   In addition to Counterclaimants special damages, Counterclaimants are entitled to recover exemplary damages.   Counter-Defendants' conduct was down knowingly and with actual malice.

404.     Finally, Counterclaimant sues to recover prejudgment interest on all elements of damages incurred in the past as provided by law; post-judgment interest on the judgment rendered in this case at the legal rate, until paid in full; and, costs of court.

## XIII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Defendants, Memorial MRI & Diagnostic, LLC and Memorial MRI & Diagnostic Center, LP, Michael Hilliard, Shailesh Patel and Kim Tran (collectively "Defendants") pray that Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate County Mutual Insurance Company, and Allstate Fire & Casualty Insurance Company take nothing by its First Amended Complaint against Defendants and for such other and further relief, both general and special, at law and equity, to which Defendants are justly entitled.

WHEREFORE, Counterclaimants, Memorial MRI & Diagnostic, LLC and Memorial MRI & Diagnostic Center, LP, Michael Hilliard, Shailesh Patel and Kim Tran, pray that Counter-Defendants, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate County Mutual Insurance Company, and Allstate Fire & Casualty Insurance Company, be cited to appear, and that upon final hearing on this matter, Counterclaimants receive judgment on their counterclaim as follows:

1.     Award Counterclaimants special damages, in an amount yet to be determined, for Counter-Defendants' acts complained of herein.

2.     Award Counterclaimants exemplary damages, in an amount to be determined at trial, for the malicious acts of Counter-Defendants.

3.     Award Counterclaimants costs of suit incurred.

4.     Grant Counterclaimants such other and further relief, legal and equitable, as this Court shall deem just and appropriate.

Respectfully submitted,

CRADY, JEWETT & MCCULLEY, LLP

By: */s/ Carlton D. Wilde, Jr.*
    Carlton D. Wilde Jr.
    Attorney-in-Charge
    State Bar No. 21458001
    Federal Court No. 9046
    2727 Allen Parkway, Suite 1700
    Houston, Texas 77019-2125
    (713) 739-7007
    (713) 739-8403 (Fax)
    cwilde@cjmlaw.com

**ATTORNEYS FOR DEFENDANTS, MEMORIAL MRI & DIAGNOSTIC CENTER, L.L.C., MEMORIAL MRI & DIAGNOSTIC CENTER, L.P. f/k/a MEMORIAL MRI & DIAGNOSTIC CENTER, L.L.L.P., MICHAEL HILLIARD, SHAILESH PATEL, and KIM TRAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following counsel of record in this cause via electronic filing, and/or by U.S. certified mail, return receipt requested, postage prepaid, fax, or hand delivery on this the 27th day of August, 2012.

David Kassabian
KASSABIAN, DOYLE, & WEATHERFORD, P.C.
2261 Brookhollow Plaza Drive, Suite 300
Arlington, Texas 76006
(817) 469-5099
(817) 274-9863 – FAX
dkassabian@kdwlawtx.com
*Attorney for Plaintiffs*

David Harberg
Texas Bar No. 08942450
THE LAW OFFICES OF DAVID HARBERG
1010 Lamar, Suite 450
Houston, Texas 77002
713-752-2200
*Attorney for Defendants William Donovan
and Northshore Orthopedics, Assoc.*

Keith W. Lapeze
THE LAPEZE LAW FIRM, P.C.
1113 Vine Street, Suite 100
Houston, Texas 77002
713-739-1010
*Attorney for Defendant John Talamas
and Quality Drill Media, LLC*

Debra Biehle
Carrie Douglas
STRASBURGER & PRICE, LLP
1401 McKinney, Suite 2200
Houston, Texas 77010
713-951-5600
*Attorney for Defendant Omar Vidal*

Charles Scott Nichols
STRASBURGER & PRICE, LLP
1401 McKinney, Suite 2200
Houston, Texas 77010
713-951-5600

***Attorney for Defendant David Dent***

Douglas E. Koger
Attorney at Law
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
281-340-2050
***Attorney for Defendant Lorenzo Farolan***


*/s/ Carlton D. Wilde, Jr.* _____
Carlton D. Wilde, Jr.